**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RICO THOMAS, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) Judge |
| POLICE OFFICER JOSE CARRANZA; and. | ) Magistrate Judge |
| VILLAGE OF CALUMET PARK, ILLINOIS, | ) |
| | ) |
| Defendants. | ) Jury Demand |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, Rico Thomas, by and through his attorney, David S. Lipschultz of the Law Offices of David S. Lipschultz, and complaining of Defendant Police Officer Jose Carranza and Defendant Village of Calumet Park, Illinois, states as follows:

**JURISDICTION AND VENUE**

1.      This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

**PARTIES**

4.      The Plaintiff, Rico Thomas (hereinafter "Mr. Thomas"), is a resident of the State of Illinois.

5.      Defendant Police Officer Jose Carranza (hereinafter "Officer Carranza") was, at

1

various times relevant to this Complaint, an employee of Village of Calumet Park, serving as a police officer.

6.      Defendant Village of Calumet Park is a municipal corporation in the County of Cook, State of Illinois.  At all times relevant to the incidents at issue to this Complaint at Law, the Village of Calumet Park was the employer of Officer Carranza.

7.      At all times relevant to this Complaint at Law, and at all times relevant to the incident at issue in said Complaint, Officer Carranza was acting under color of law and within the scope of employment with the Village of Calumet Park.

**ALLEGATIONS**

8.      On the afternoon of July 17, 2018, Mr. Thomas, the Plaintiff, was walking near his home, running errands.

9.      At approximately 2:30 p.m. he exited the gas station located at 12304 S. Halsted, Calumet Park.  After exiting the property he walked and started crossing the street.

10.      At that time Officer Carranza and another officer drove into the gas station at a high rate of speed.  The officers were in uniform and drove a marked police vehicle.

11.      As Mr. Thomas was almost across the street, Officer Carranza suddenly and unexpectedly tackled Mr. Thomas.  The tackle was made at a dangerous area of the street at the curb.  The force of Officer Carranza's tackle pushed Mr. Thomas into a car and then onto the street and curb, and Officer Carranza fell onto him.

12.      The force of the unnecessary tackle caused Mr. Thomas to suffer an arm fracture and other injuries.

13.      Officer Carranza then searched Mr. Thomas.

14.      Officer Carranza did not arrest Mr. Thomas, for good reason: he had had not

committed a crime.

15.     Officer Carranza detained Mr. Thomas without a lawful basis.

16.     Officer Carranza searched Mr. Thomas without a lawful basis.

17.     Officer Carranza falsified the incident report concerning the Plaintiff and this incident.

## COUNT I
### SECTION 1983 UNLAWFUL SEARCH & SEIZURE
### AGAINST OFFICER CARRANZA

18.     Plaintiff incorporates paragraphs 1 through 17 by reference as if fully set forth herein.

19.     Calumet Park Police Officer Jose Carranza did not have probable cause to seize and search Mr. Thomas on July 17, 2018.

20.     The actions of Officer Carranza violated the Plaintiff's Fourth Amendment rights and were in violation of said rights protected by 42 U.S.C. §1983.

21.     As a direct and proximate consequence of said conduct of Officer Carranza, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Rico Thomas, prays that judgment be entered against Police Officer Jose Carranza, awarding compensatory damages, punitive damages, reasonable attorneys fees and costs, and such further relief as this Court deems just.

## COUNT II
### SECTION 1983 EXCESSIVE FORCE
### AGAINST OFFICER CARRANZA

22.     Plaintiff incorporates paragraphs 1 through 17 by reference as if fully set forth herein.

3

23.     The force used by Officer Carranza upon the Plaintiff was unreasonable, unprovoked, unnecessary and excessive.

24.     As a result of the actions and inactions of Officer Carranza with regard to the use of force, the Plaintiff was injured.

25.     Said actions of Officer Carranza were intentional, willful and wanton.

26.     Said actions of Officer Carranza violated the Plaintiffs' Fourth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

27.     As a direct and proximate consequence of said conduct of Officer Carranza, the Plaintiff suffered violations of his constitutional rights, physical injuries, emotional anxiety, fear, pain and suffering, and monetary loss and expenses.

WHEREFORE, the Plaintiff, Rico Thomas, prays that judgment be entered against Police Officer Jose Carranza, awarding compensatory damages, punitive damages, reasonable attorney's fees and costs, and such further relief as this Court deems just.

## COUNT III
### INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102
### AGAINST VILLAGE OF CALUMET PARK

28.     Plaintiff incorporates paragraphs 1 through 27 by reference as if fully set forth herein.

29.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

30.     Officer Carranza was an employee of the Village of Calumet Park and acted within the scope of their employment for the Village of Calumet Park in committing the acts described herein.

WHEREFORE, should the Officer Carranza be found liable for the acts alleged above, Defendant Village of Calumet Park would be liable to pay the Plaintiff any judgment obtained against said Officers.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully submitted,

RICO THOMAS


/s/ David S. Lipschultz
David S. Lipschultz


David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois  60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com